UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 3:12-CR-00021 |
| ) | JUDGE ALETA A. TRAUGER |
| WILLIAM WEAVER, ) | |
| ) | |
| Defendant. ) | |

### ORDER OF FORFEITURE CONSISTING OF
### $2,503,084.96 MONEY JUDGMENTS AS TO COUNTS ONE AND TWO

Based on the representations and agreements of the Government and Defendant William Weaver at the plea hearing in this matter and as evidenced by the Plea Agreement entered into between the parties, the Court finds as follows:

**WHEREAS**, on February 3, 2012, the Government filed a Five Count Information charging Defendant William Weaver, in pertinent part at Counts One and Two, with violations of 18 U.S.C. § 1343 (wire fraud);

**WHEREAS**, the forfeiture allegation of the Information gave notice pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) that upon conviction of the wire fraud offenses alleged in Counts One and Two, Defendant William Weaver shall forfeit any and all property, real or personal, obtained directly or indirectly as a result of the scheme or artifice to defraud as alleged in each count, and which constitutes or is derived from proceeds traceable to each violation. The property to be forfeited includes but is not limited to a money judgment in an amount of approximately $2,540,084.96 which represents proceeds of the wire fraud offenses.

**WHEREAS,** the forfeiture allegation of the Information also gave notice to Defendant William Weaver that in the event the $2,540,084.96 in proceeds, as a result of any act or omission of WILLIAM WEAVER:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and intends, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of Defendant William Weaver up to $2,540,084.96;

**WHEREAS,** Defendant William Weaver has entered into a Plea Agreement with the United States wherein he has pled guilty to Counts One and Two of the Information;

**WHEREAS,** Defendant William Weaver further acknowledges in his Plea Agreement that $2,540,084.96 is subject to forfeiture because these funds were obtained directly or indirectly as a result of the wire fraud as charged in Counts One and Two of the Information, and which constitutes or is derived from proceeds traceable to each violation, and consents to the entry of a money judgment prior to sentencing in the amount of $2,540,084.96.

**WHEREAS,** Defendant William Weaver, via his Plea Agreement, acknowledges that as a result of his own act(s) or omission(s), the $2,503,084.96 in proceeds obtained as a result of the scheme or artifice to defraud as alleged in Counts One and Two of the Information, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §

2

982(b)(1) and 28 U.S.C. § 2461(c), the United States is entitled to forfeiture of substitute property.

Now, therefore, based upon the signed Plea Agreement, this Court makes the following findings:

1. There is a preponderance of the evidence that the proceeds of the scheme to defraud as set forth in the offenses to which Defendant William Weaver has pled guilty in this matter are $2,503,084.86.

2. $2,540,084.96 is subject to forfeiture because these funds were obtained directly or indirectly as a result of the scheme or artifice to defraud as charged in Counts One and Two of the Information, and which constitutes or is derived from proceeds traceable to each violation.

3. As a result of Defendant William Weaver's act(s) or omission(s), the $2,503,084.96 in proceeds obtained as a result of the scheme or artifice to defraud to which Defendant William Weaver has pled guilty, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the United States is entitled to forfeiture of substitute property up to $2,503,084.96.

NOW THEREFORE it is hereby **ORDERED, ADJUDGED AND DECREED** that:

A. An Order of Forfeiture Consisting of Money Judgments in the amount of $2,503,084.96 ("Order of Forfeiture") is hereby taken against Defendant William Weaver as to Count One and Count Two. Pursuant to Federal Rule of Criminal Procedure, Rule 32.2(b)(4), the Order of Forfeiture consisting of Money Judgments shall become immediately final as to the

defendant, by his consent, and shall be made part of the sentence and included in the judgment. Pursuant to Rule 32.2(c)(1), ". . . no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

B. It is Ordered that the United States may engage in discovery in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a debt to identify additional substitute assets having a value up to $2,503,084.96 as authorized by 28 U.S.C. §§ 3001(a)(1) and 3015 *et seq.*

C. It is Ordered that the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture consisting of $2,503,084.96 Money Judgments as to Counts One and Two to include substitute property having a value not to exceed in total $2,503,084.96 United States currency to satisfy the Money Judgments in whole or in part.

D. Upon payment of either Money Judgment in full, the United States shall file a satisfaction of judgments as to both money judgments with the District Court and the appropriate clerk of the county in which any transcript or abstracts of the judgments have been filed.

E. Insofar as the Order of Forfeiture is not satisfied, and a sum of money is still owed, then Defendant shall remain personally liable pursuant to this Order of Forfeiture, which will continue in full effect until payment of the total amount of $2,540,084.96 plus statutory interest is made in full as to either money judgment.

F. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this 8th day of March, 2013.

ALETA A. TRAUGER
United States District Judge