UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-CR-00021 |
| ) | Chief Judge Haynes |
| WILLIAM WEAVER, ) | |
| ) | |
| Defendant. ) | |

**CONSENT PRELIMINARY ORDER OF FORFEITURE
AS TO 725 LEGENDS CREST DRIVE, FRANKLIN, TENNESSEE 37069**

Based on the representations and agreements of the Government and Defendant William Weaver at the plea hearing in this matter, as evidenced by the plea agreement entered into between the parties and their signatures below, the Court finds as follows:

**WHEREAS**, on February 3, 2012, the Government filed a Five Count Information charging Defendant William Weaver, in pertinent part at Counts One and Two, with violations of 18 U.S.C. § 1343 (wire fraud).

**WHEREAS**, the forfeiture allegation of the Information gave notice pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) that upon conviction of the wire fraud offenses alleged in Counts One and Two, Defendant William Weaver shall forfeit any and all property, real or personal, obtained directly or indirectly as a result of the scheme or artifice to defraud as alleged in each count, and which constitutes or is derived from proceeds traceable to each violation.

**WHEREAS,** Defendant William Weaver has entered into a Plea Agreement with the United States wherein he has pled guilty to Counts One and Two of the Information and the Court has accepted the Plea Agreement;

**WHEREAS,** an Order of Forfeiture Consisting of $2,503,084.96 Money Judgments as to Counts One and Two has been entered against Defendant William Weaver;

**WHEREAS,** Defendant William Weaver acknowledges, via his Plea Agreement, his signature below, and the transfer of his interest in the following real property via Quit Claim deed, that his interest in the following real property is subject to forfeiture (up to $2,503,084.96) as direct proceeds, and that the net proceeds from the sale of the property will be credited against the agreed $2,503,084.96 money judgment:

> Real property commonly known as 725 Legends Crest Drive, Franklin, Tennessee 37069 (Williamson County), including all improvements thereon and appurtenances thereto, which is more particularly described as follows:
>
>> Land in Williamson County, Tennessee, being Lot No. 419, on the Plan of Minor Revision One, Section 4A, Legends Ridge, of record in Plat Book 24, page 132, Register's Office for said County, to which plan reference is hereby made for a more complete description.
>>
>> Being the same property conveyed to Richard L. Cammeron and Christopher E. Parker by Warranty Deed from Patricia Armstrong, unmarried of record in Book 3710, page 585, Register's Office of Williamson County, Tennessee.
>>
>> Being the same property conveyed to William G. Weaver, III and wife, Macy R. Weaver by Warranty Deed from Richard L. Cammeron and Christopher E. Parker of record in Book 4210, pages 711-712, Register's Office of Williamson County, Tennessee.
>>
>> Map 37G-B Parcel 6

(hereinafter referred to as "Legends Crest Property").

Now, therefore, upon the agreement of the parties, this Court makes the following findings:

1. As a result of the acceptance by this Court of the Defendant's guilty plea as to Counts One and Two of the Information, for which the Government sought forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Defendant William Weaver shall forfeit to the United States his interest in the Legends Crest Property.

2. The Court has determined, based on the guilty plea entered by Defendant William Weaver on August 23, 2012, the factual basis for the plea as set forth at paragraph 8 of the Plea Agreement entered herein between the United States and Defendant and related paragraphs 19-23 of the Plea Agreement in which Defendant agreed to the forfeiture, and the Corrected Statement of Facts entered on April 23, 2013, the Legends Crest Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and that the Government has established by a preponderance of the evidence the requisite nexus between the Legends Crest Property and such offense.

3. Legends Crest Property is subject to forfeiture because this property was obtained directly or indirectly as a result of the scheme or artifice to defraud as charged in Counts One and Two of the Information, and thus constitutes or is derived from proceeds traceable to each violation.

NOW THEREFORE it is hereby **ORDERED, ADJUDGED AND DECREED** that:

A. A Consent Preliminary Order of Forfeiture as to the Legends Crest Property is hereby taken against Defendant William Weaver as to Count One and Count Two. Pursuant to Federal Rules of Criminal Procedure, Rule 32.2(b)(4), this Consent Preliminary Order of

3

Forfeiture shall become final as to the defendant at the time of sentencing, by his consent, and shall be made part of the sentence and included in the judgment.

B. Upon the entry of this Consent Order of Forfeiture, the Attorney General (or his designee) is authorized to enter the Legends Crest Property for the purpose of conducting an inspection and inventory and to conduct an appraisal. Specifically, the United States Marshals Service (or its designee) is hereby authorized:

a. To enter the Legends Crest property, including any structures, on one or more occasions during the pendency of this ancillary proceeding for the purpose of conducting an inspection and inventory and appraisal

b. To be accompanied on any such occasion by any appraiser(s) selected by it for the purpose of appraising the condition and value of the Legends Crest Property, which appraisal may include, among other means, still and video photography, and

c. To be accompanied on any such occasion by any government and contract personnel selected by it for the purpose of conducting an inspection and inventory, which inspection and inventory may include, among other means, still and video photography, and

d. To be accompanied on any such occasion by any federal, state, and local law enforcement officers selected by it to ensure the safety of personnel acting under this Order. Any interference with anyone acting under the authority of this Order shall be deemed a violation of a Court order and may be punished as a contempt, or as a violation of 18 U.S.C. § 2232, or otherwise as provided by law.

4

e. Upon entry of this Order, the Attorney General (or his designee) is authorized to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2 (b)(3).

C. Upon entry of this Consent Preliminary Order of Forfeiture, the Attorney General (or his designee) and/or the Secretary of the Treasury (or his designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order, in accordance with Fed. R. Crim. P. 32.2.

D. Upon the issuance of this Consent Preliminary Order of Forfeiture forfeiting the defendant's interest in Legends Crest, the United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Attorney General (or his designee) may direct. The United States shall also, to the extent practicable, provide written notice to any person known to have alleged an interest in the Subject Property.

E. Any person, other than the above named defendant, asserting a legal interest in Legends Crest shall, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in Legends Crest, and for an amendment of the order of forfeiture.

F. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, by his consent, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

G. Any petition filed by a third party asserting an interest in the Legends Crest Property shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Legends Crest Property, any additional facts supporting the petitioner's claim and the relief sought.

H. After the disposition of any third party motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

I. The United States shall have clear title to the Legends Crest Property following the Court's disposition of all third party interests, or, if none, following the expiration of the period provided by 28 U.S.C. § 2461(c) which incorporates by reference the pertinent provision of 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

J. The Consent Preliminary Order of Forfeiture shall be recorded in the records of the Williamson County Clerk's Office.

K. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this 21st day of May, 2013.

WILLIAM J. HAYNES, JR.
United States Chief District Judge

6