UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 3:12-CR-00021 |
| ) | Chief Judge Haynes |
| ) | |
| WILLIAM WEAVER, ) | |
| ) | |
| Defendant. ) | |

## ORDER FOR INTERLOCUTORY SALE
## OF REAL PROPERTY KNOWN AS LEGENDS CREST AND ANCILLARY HEARING
## TO DISTRIBUTE NET PROCEEDS OF THE SALE

The Court has reviewed the Pleadings in this case, and for good cause show, pursuant to Fed.R.Crim.P. 32.2(b)(7), Fed. R. Civ. P., Supp. R. G(7)(b)(i)(C) and 21 U.S.C. § 853(g), grants the Motion of the United States for Interlocutory Sale of real property commonly known as 725 Legends Crest Drive, Franklin, Tennessee 37069, Williamson County, ("Legends Crest") including all improvements thereon and appurtenances thereto, which is more particularly described as follows:

> Land in Williamson County, Tennessee, being Lot No. 419, on the Plan of Minor Revision One, Section 4A, Legends Ridge, of record in Plat Book 24, page 132, Register's Office for said County, to which plan reference is hereby made for a more complete description.
>
> Being the same property conveyed to William G. Weaver, III, and wife, Macy R. Weaver, by Warranty Deed from Richard L. Cammeron and Christopher E. Parker of record in Book 4210, page 711, Register's Office of Williamson County, Tennessee. Map 37G-B Parcel 6.
>
> Being the same property conveyed to the United States by Quit Claim Deed from William G. Weaver, III and wife Macy R. Weaver, of record in Book 5969, Pages 566-568, Register's Office of Williamson County, Tennessee

(D.E 65: Marshal's Return Regarding Quit Claim Deed – Williamson County Register of Deeds). The covenants and restrictions were recorded at the Williamson County, Tennessee Register of Deeds. (D.E. 67-7: Legends Ridge Bylaws).

WHEREAS, Legends Crest is unimproved property which was appraised in October 2013 at $185,000;

WHEREAS, William G. Weaver and his wife, Macy R. Weaver forfeited and transferred ownership of Legends Crest to the United States as a result of his conviction in the above-styled case and in recognition of his restitution obligation;

WHEREAS, delinquent taxes and penalties, and past due taxes and penalties are due and owing;

WHEREAS, the Legends Ridge Homeowner's Association ("the HOA"), Legends Ridge Swim and Tennis Club (the "Club"), Daniel Gardner, April Gardner, and Chicago Title Insurance Company, LLC, have all recorded Notice of Liens or Judgment Liens against Legends Crest;

WHEREAS, the parties have been unable to resolve by agreement the priority of the Judgment Liens against Legends Crest, and the amount and manner of the amount that should be paid to the HOA and/or the Club;

WHEREAS, restitution is owed to victims of William Weaver's crime of conviction and this interlocutory sale will provide a more streamlined and cost-effective manner of selling Legend's Crest to obtain some restitution for victims; and

WHEREAS, all parties and victims have been served with the Motion for Interlocutory Sale of Legends Crest and the Memorandum in Support of the Motion.

**IT IS HEREBY ORDERED:**

1. Legends Crest will be sold by Interlocutory Sale pursuant to the following conditions:

    a. A realtor, obtained by the United States Marshals Service will sell Legends Crest, in the most commercially feasible manner at a fair price representing the value of the property as determined by comparable properties;

    b. The United States may, in its sole discretion, reject any offer to purchase Legends Crest where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture, or if the offer does not reflect a fair price within at least 90% of the appraisal of Legends Ridge;

    c. The purchase price of Legends will be a cash price;

    d. The net proceeds from the sale of Legends Crest will include all money realized from the sale of the property, less the following, and in the following priority:

        1. Federal, State and local delinquent real estate taxes.

        2. Real estate commissions in the amount of 3% for the seller, and 3% for the buyer's realtor;

        3. Normal and usual Seller's Settlement Statement expenses such as escrow fees, document recording fees, title fees and county transfer fees;

        4. Any reasonable and customary expenses expended by the United States Marshals Service. At the time of the filing of this matter, the expenses are zero. If any expenses are incurred, the United States Marshals Service will submit these expenses to the Court for approval of payment from the gross proceeds;

    e. The net proceeds of the sale of the Real Property will be turned over to the Clerk of the Court to be held pending briefing of this matter, and a hearing if necessary, on the amount of money owed, if any, to the HOA and to the Club, and for final distribution of any remaining monies in accordance with the Priority Order;

f. Upon the sale of Legends Crest to a third party buyer, the United States will transfer title to said third party buyer, and will release the *lis pendens* on the property;

g. Clear title shall pass to the buyer, and all Judgment Liens presently recorded as to Legends Crest are vacated and released at the time of sale as to Legends Crest. The Judgment Liens remain in effect against William Weaver. The Club, HOA, Chicago Title, Daniel Gardner, April Gardner, Williamson County Tax Assessor, and the United States shall not be prohibited from pursuing William Weaver or Macy Weaver for any remaining amount owed after distribution from the net proceeds are finalized;

h. Upon sale of the property, the United States will notify the Court of the amount of net proceeds deposited with the Court Clerk. Thirty days after the notification to the Court, all parties shall submit briefs on their position as to priority, and any law which supports their position; and

i. If the Court deems it necessary, a hearing will be set on the distribution of the net proceeds.

SO ORERED this 20 day of February, 2014.

WILLIAM J. HAYNES, JR
Chief Judge, United States District Court