UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 3:12-CR-00021 |
| ) | Chief Judge Haynes |
| ) | |
| WILLIAM WEAVER, ) | |
| ) | |
| Defendant. ) | |

## MODIFIED ORDER RE: INTERLOCUTORY SALE OF LEGENDS CREST

The Court has reviewed the Motion for a modification to the Interlocutory Sale Order of Farmstead Lane and for good cause shown, grants the motion.

WHEREAS the Court has previously granted the Motion of the United States for Interlocutory Sale of Real Property commonly known as 725 Legends Crest Drive, Franklin, Tennessee 37069, Williamson County, ("Legends Crest") including all improvements thereon and appurtenances thereto, which is more particularly described as follows:

> Land in Williamson County, Tennessee, being Lot No. 419, on the Plan of Minor Revision One, Section 4A, Legends Ridge, of record in Plat Book 24, page 132, Register's Office for said County, to which plan reference is hereby made for a more complete description.
>
> Being the same property conveyed to William G. Weaver, III, and wife, Macy R. Weaver, by Warranty Deed from Richard L. Cammeron and Christopher E. Parker of record in Book 4210, page 711, Register's Office of Williamson County, Tennessee. Map 37G-B Parcel 6.
>
> Being the same property conveyed to the United States by Quit Claim Deed from William G. Weaver, III and wife Macy R. Weaver, of record in Book 5969, Pages 566-568, Register's Office of Williamson County, Tennessee;

WHEREAS, Legends Crest is unimproved property which was appraised in October 2013 at $185,000;

WHEREAS, William G. Weaver and his wife, Macy R. Weaver forfeited and transferred ownership of Legends Crest to the United States as a result of his conviction in the above-styled case and in recognition of his restitution obligation;

WHEREAS, delinquent taxes and penalties, and past due taxes and penalties are due and owing;

WHEREAS, the Legends Ridge Homeowner's Association ("the HOA"), Legends Ridge Swim and Tennis Club (the "Club"), Daniel Gardner, April Gardner, and Chicago Title Insurance Company, LLC, have all recorded Notice of Liens or Judgment Liens against Legends Crest;

WHEREAS, the parties have been unable to resolve by agreement the priority of the Judgment Liens against Legends Crest, and the amount and manner of the amount that should be paid to the HOA and/or the Club;

WHEREAS, restitution is owed to victims of William Weaver's crime of conviction and this interlocutory sale will provide a more streamlined and cost-effective manner of selling Legend's Crest to obtain some restitution for victims; and

WHEREAS the Court has previously ordered an Interlocutory Sale of Legends Crest;

WHEREAS it has been determined that there is an Internal Revenue Service ("IRS") lien against William Weaver that may prevent the issuance of a title insurance policy, and thus preventing the Interlocutory sale of the property.

2

**IT IS HEREBY ORDERED:**

1. Legends Crest will be sold by Interlocutory Sale pursuant to the following conditions:

2. Upon the Interlocutory sale of Legends Crest the proceeds of the Interlocutory sale shall be disbursed in the following order:
    a. Federal, State and local delinquent real estate taxes;
    b. Real estate commissions in the amount of 3% for the seller, and 3% for the buyer's realtor;
    c. Normal and usual Seller's Settlement Statement expenses such as escrow fees, document recording fees, title fees and county transfer fees;
    d. Any reasonable and customary expenses expended by the United States Marshals Service. At the time of the filing of this matter, the United States Marshals Service have incurred $506 for the title search of Legends Crest, and the United States Attorney's Office has incurred $93 in recording fees at the Williamson County Register of Deeds. If any other expenses are incurred, the United States Marshals Service will submit these expenses to the Court for approval of payment from the gross proceeds;
    e. The net proceeds of the sale of the Real Property will be turned over to the Clerk of the Court to be held pending the hearing on August 15, 2014 at 10 a.m. to determine the amount of money owed, if any, to the HOA and to the Club, and for final distribution of any remaining monies in accordance with the Priority Order;
    f. Upon deposit of the net proceeds with the Clerk of the Court, Legends Crest is dismissed from the forfeiture allegation;

3. Upon the sale of Legends Crest to the buyer, and the deposit of the net proceeds as set forth in paragraph 2, any interest that the IRS or any other unknown lienholder has in Legends Crest is hereby transferred to the proceeds of the Interlocutory Sale, and IRS and any other unknown lienholder no longer have any interest in Legends Crest;

4. This Order will be filed with the Williamson County, Tennessee Register of Deeds;

5. IRS will be notified of the date of the hearing to determine the disbursement of the proceeds of the sale and will be heard in relation to their interest. If any other lienholder becomes known, they will be notified of the hearing date and the opportunity to be heard;

6. Clear title shall pass to the buyer, and all Judgment Liens, including the IRS lien, presently recorded as to Legends Crest are vacated and released at the time of sale as to Legends Crest, with liens to attach to proceeds. The Judgment Liens remain in effect against William Weaver. The Club, HOA, Chicago Title, Daniel Gardner, April Gardner, Williamson County Tax Assessor, IRS and the United States shall not be prohibited from pursuing William Weaver or Macy Weaver for any remaining amount owed after

distribution from the net proceeds are finalized. The United States will release its *lis pendens* on Legends Crest;

7. Upon sale of the property, the United States will notify the Court of the amount of net proceeds deposited with the Court Clerk. Thirty days after the notification to the Court, all parties shall submit briefs on their position as to priority, and any law which supports their position; and

8. The hearing to determine the distribution of net proceeds is set for August 15, 2014 at 10 a.m. by previous Order of the Court at Docket Entry 86.

SO ORDERED this 23rd day of July, 2014.

WILLIAM J. HAYNES, JR.
United States Chief District Judge

4